Kevin W. Kirsch, SBN 166184
Email: kkirsch@bakerlaw.com
Andrew E. Samuels, *PHV* Application Forthcoming
Email: asamuels@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
Telephone:  614-228-1541
Facsimile:   614-462-2616

Veronica A. Reynolds, SBN 330199
Email: vreynolds@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

*Attorneys for Plaintiff*
ZADRO PRODUCTS, INC.

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| ZADRO PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOPNET, INC. d/b/a/ OVENTE, <br><br> Defendant. | Case No.: 8:20-cv-01341 <br><br> **JURY TRIAL DEMANDED** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiff Zadro Products, Inc. ("Zadro Products"), for its Complaint against Defendant TopNet, Inc. d/b/a Ovente ("Ovente"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of United States Patent No. 8,162,502 ("the '502 patent") and United States Patent No. 8,356,908 ("the '908 patent"). This action arises under the patent laws of the United States, Title 35, United States Code.

## PARTIES

2. Zadro Products is a corporation organized and existing under the laws of California, with its principal place of business at 14462 Astronautics Lane, Huntington Beach, California 92647.

3. More than 35 years ago, Zadro Products' president, Zlatko Zadro, invented the first fogless mirror on the market to help achieve the closest shave in the shower and reduce razor burn. Mr. Zadro's invention put Zadro Products on the map as a leading innovator in the market for vanity mirrors. Zadro Products' innovative ideas are still thriving today. Zadro Products owns dozens of patents and offers more than 100 health and beauty products, including mirrors, that make life easier.

4. On information and belief, Ovente is a corporation organized and existing under the laws of California, with its principal place of business at 2965 East Vernon Avenue, Vernon, California 90058.

## JURISDICTION AND VENUE

5. Zadro Products incorporates all preceding paragraphs by reference as though fully set forth herein.

6. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code.

7. The Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over Ovente because it is incorporated, and thus resides, in California.

9. Venue in this Court is proper under 28 U.S.C. § 1400(b) because Ovente resides in this District.

## THE '502 PATENT

10. Zadro Products incorporates all preceding paragraphs by reference as though fully set forth herein.

11. The U.S. Patent and Trademark Office duly issued the '502 patent, titled "Illuminated Continuously Rotatable Dual Magnification Mirror," to Zlatko Zadro on April 24, 2012. A true and correct copy of the '502 patent is attached as Exhibit 1.

12. Zlatko Zadro assigned all right, title, and interest in the '502 patent to Zadro Products. Zadro Products is the legal owner of the '502 patent.

## THE '908 PATENT

13. Zadro Products incorporates all preceding paragraphs by reference as though fully set forth herein.

14. The U.S. Patent and Trademark Office duly issued the '908 patent, titled "Rotatable Dual Magnification Mirror with Internal Hoop Illuminator and Movable Reflector Ring," to Zlatko Zadro on January 22, 2013. A true and correct copy of the '908 patent is attached as Exhibit 2.

15. United States Patent Application No. 12/657,583, which issued as the '908 patent, was a continuation-in-part of United States Patent Application No. 12/454,865, which issued as the '502 patent.

16. Zlatko Zadro assigned all right, title, and interest in the '908 patent to Zadro Products. Zadro Products is the legal owner of the '908 patent.

//
//
//

# COUNT 1

## INFRINGEMENT OF '502 PATENT

17. Zadro Products incorporates all preceding paragraphs by reference as though fully set forth herein.

18. Ovente has infringed, and continues to infringe, at least claims 1–9, 18, and 22–23 of the '502 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the vanity mirrors in at least Ovente's MRT06 series, MLW45 series, and MKT75 series of vanity mirrors. Exhibit 3 compares the Ovente MRT06 series mirrors to claims 1–9, 18, and 22–23 of the '502 patent. Exhibit 4 compares the Ovente MLW45 series mirrors to claims 1–9, 18, and 22–23 of the '502 patent. Exhibit 5 compares the Ovente MKT75 series of mirrors to claims 1–9, 18, and 22–23 of the '502 patent. Exhibits 3–5 are intended to illustrate the strength of Zadro Products' infringement allegations, but are not intended to be substitutes for formal infringement contentions. Zadro Products will serve infringement contentions under the Court's case schedule and reserves the right to identify additional accused products, including but not limited to those in Ovente's MLT28, MLW95, MLW75, MPT75, MCTR70, MGT75, MFM70, MPTS8385, MGT95, MLT42, MPWD3185, MMT06, MFW85, MFW70, and MPT85 series.

19. Ovente's acts of infringement have caused damage to Zadro Products, and Zadro Products is entitled to recover from Ovente damages sustained as a result of Ovente's infringement of the '502 patent.

20. Ovente's acts of infringement have caused, and will continue to cause, irreparable harm to Zadro Products. Ovente and Zadro Products directly compete in the market for beauty mirrors and vanity mirrors. Zadro Products is being forced to compete against products that infringe Zadro Products' patented inventions. Zadro Products' losses are difficult to quantify, rendering legal damages inadequate. Because Ovente's infringement has cost Zadro Products market share and

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

downstream sales, and forced Zadro Products to compete against embodiments of its own invention, any hardship that an injunction would cause Ovente pales in comparison to the hardship Zadro Products will continue to suffer because of Ovente's infringement. The public interest favors an injunction to protect Zadro Products' investment-based risk that resulted in a patented invention, and to enforce Zadro Products' statutory right to exclude. The circumstances of Ovente's infringement thus warrant an injunction barring Ovente from further infringement of the '502 patent.

21. Ovente has been on notice of the '502 patent at least since March 31, 2020. Since being put on notice, it was unreasonable for Ovente to continue to make, use, sell, offer to sell, and/or import the infringing mirrors.

22. Ovente's infringement of the '502 patent warrants a finding that this is an exceptional case, entitling Zadro Products to recover its attorney fees and expenses.

## COUNT 2
## INFRINGEMENT OF '908 PATENT

23. Zadro Products incorporates all preceding paragraphs by reference as though fully set forth herein.

24. Ovente has infringed, and continues to infringe, at least claims 28–32 of the '908 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing the vanity mirrors in at least Ovente's MRT06 series and MLW45 series of vanity mirrors. Exhibit 6 compares the Ovente MRT06 series mirrors to claims 28–32 of the '908 patent. Exhibit 7 compares the Ovente MLW45 series mirrors to claims 28–32 of the '908 patent. Exhibits 6–7 are intended to illustrate the strength of Zadro Products' infringement allegations, but are not intended to be substitutes for formal infringement contentions. Zadro Products will serve infringement contentions under

the Court's case schedule and reserves the right to identify additional accused products, including but not limited to those listed in paragraph 18 of this Complaint.

25. Ovente's acts of infringement have caused damage to Zadro Products, and Zadro Products is entitled to recover from Ovente damages sustained as a result of Ovente's infringement of the '908 patent.

26. Ovente's acts of infringement have caused, and will continue to cause, irreparable harm to Zadro Products. Ovente and Zadro Products directly compete in the market for beauty mirrors and vanity mirrors. Zadro Products is being forced to compete against products that infringe Zadro Products' patented inventions. Zadro Products' losses are difficult to quantify, rendering legal damages inadequate. Because Ovente's infringement has cost Zadro Products market share and downstream sales, and forced Zadro Products to compete against embodiments of its own invention, any hardship that an injunction would cause Ovente pales in comparison to the hardship Zadro Products will continue to suffer because of Ovente's infringement. The public interest favors an injunction to protect Zadro Products' investment-based risk that resulted in a patented invention, and to enforce Zadro Products' statutory right to exclude. The circumstances of Ovente's infringement thus warrant an injunction barring Ovente from further infringement of the '908 patent.

27. Ovente has been on notice of the '908 patent at least since July 2020. Since being put on notice, it was unreasonable for Ovente to continue to make, use, sell, offer to sell, and/or import the infringing mirrors.

28. Ovente's infringement of the '908 patent warrants a finding that this is an exceptional case, entitling Zadro Products to recover its attorney fees and expenses.

//

//

//

## **PRAYER FOR RELIEF**

WHEREFORE, Zadro Products respectfully requests that the Court enter judgment that:

A. Ovente has infringed, and continues to infringe, the '502 patent and the '908 patent under 35 U.S.C. § 271(a);

B. Ovente's infringement of the '502 patent and the '908 patent has been, and continues to be, willful;

C. Awards Zadro Products damages in an amount adequate to compensate for Ovente's infringement of the '502 patent and the '908 patent, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D. Awards Zadro Products treble damages under 35 U.S.C. § 284;

E. Awards Zadro Products pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

F. Enters a preliminary and permanent injunction against Ovente and its agents, servants, officers, directors, employees, and persons or entities acting in concert with Ovente from further infringement of the '502 patent and the '908 patent;

G. Declares this case exceptional under 35 U.S.C. § 285 and awards Zadro Products its reasonable attorney fees, expenses, and costs; and

H. Awards such other and further relief that the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Zadro Products demands a jury trial on all issues so triable.

BAKER & HOSTETLER LLP

Dated: July 24, 2020     By:    */s/ Kevin W. Kirsch*
Kevin W. Kirsch
Andrew E. Samuels
Veronica A. Reynolds

Attorneys for Plaintiff
ZADRO PRODUCTS, INC.